IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PIERRE JORDAN, # M-07905, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 17-cv-209-MJR |
| ) | |
| JACQUELINE LASHBROOK, ) | |
| C/O WAGNER, ) | |
| LT. COFFEY, ) | |
| SGT. CHAPMAN, ) | |
| SGT. FLOWERS, ) | |
| SEAN FURLOW, ) | |
| C/O MYERS, ) | |
| C/O CACIOPPO, ) | |
| LT. HECK, ) | |
| SHERRY BENTON, ) | |
| TERRI ANDERSON, ) | |
| UNKNOWN PARTY (Administrative ) | |
| Review Board, State's Attorney Office), ) | |
| and DAVID STRANTON, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Pinckneyville Correctional Center ("Pinckneyville"). The Complaint includes claims that Plaintiff's serious mental health needs as well as medical needs were ignored, he was denied some meals, he was subjected to excessive force, he was assaulted by a fellow inmate after staff refused to move him, and he was found guilty of a fabricated disciplinary report. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

1

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, some of Plaintiff's claims survive threshold review under

§ 1915A. Addtionally, the Court shall consider whether certain distinct claims against different groups of Defendants may appropriately proceed together in the same case. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007) (unrelated claims against different defendants belong in separate lawsuits).

## The Complaint

As an initial matter, Plaintiff's motion for leave to file an amended request for relief (Doc. 10) shall be **DENIED**. Plaintiff submitted his one-page proposed amended request for relief along with his motion (Doc. 10, p. 2), indicating that the Court should substitute that page for the Complaint's original request for relief in a piecemeal fashion. A cut-and-paste amendment to a complaint is not permitted. *See* FED. R. CIV. P. 8(a). Instead, all claims against all defendants must be set forth in a single document. Further, an amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

The allegations in the Complaint are as follows. Plaintiff attempted to commit suicide on July 21, 2014, at Pinckneyville. (Doc. 1, pp. 6, 9). He had recently learned of the deaths of 2 family members, and requested emergency mental health crisis intervention. However, Flowers, Wagner, and Coffey refused to contact a mental health professional to assist Plaintiff before his suicide attempt. (Doc. 1, p. 6). Plaintiff also claims that after he tried to kill himself, unidentified Defendants intentionally delayed their response to Plaintiff's cellmate's calls for help on his behalf. *Id.*

Immediately after Plaintiff's suicide attempt, Wagner and Coffey grabbed Plaintiff by the arms, picked him up off his feet, and body-slammed him to the floor, hitting his head on a radiator. (Doc. 1, p. 7; Doc. 1-1, pp. 2, 4-6). Wagner then grabbed the electric extension cord

that Plaintiff had used in his suicide attempt, and wrapped it around Plaintiff's neck, saying he would kill Plaintiff himself. Wagner and Coffey punched Plaintiff, called him names, and cuffed his hands behind his back so tightly that his circulation was cut off. They dragged him out of his cell and down 2 flights of stairs, intentionally banged his head on a door, and cuffed him to a shower railing where they left him for 2 hours. (Doc. 1, pp. 7-8). A mental health doctor came and talked to Plaintiff, but would not remove the handcuffs until they finished speaking.

On July 21 and 28, 2014, Wagner, Flowers, and Chapman did not allow Plaintiff to eat brunch. (Doc. 1, pp. 7-8).

Plaintiff was in segregation from June 21 to July 28, 2014. While he was there, Wagner stole his Reebok shoes. Wagner also refused to properly label Plaintiff's clothing bag containing his gym shorts when Plaintiff went to segregation, so he never got the bagged clothing items back. (Doc. 1, pp. 8, 15). Somebody purposely broke his television. (Doc. 1, p. 8).

Plaintiff complains that Counselor VanZandt (whom he does not include as a Defendant) failed to properly handle his grievances and became verbally abusive and physically aggressive when Plaintiff asked about them. (Doc. 1, pp. 8-9).

On July 28, 2014, Plaintiff was assaulted by a cellmate (Cosby or Crosby)[1] and suffered abrasions and lacerations. Before this attack, Plaintiff had notified unnamed Security C/O's that the cellmate's erratic and aggressive behavior made him fear for his safety. Plaintiff requested to be moved to a different cell, but the official(s) ignored his requests. (Doc. 1, p. 9-10). The cellmate punched Plaintiff in the face and continued the attack for about 10 minutes. (Doc. 1, p. 10). C/O DeDecker and Lt. Hoch[2] escorted Plaintiff to the Health Care Unit but he did not receive adequate treatment. Wagner and Chapman intentionally refused to call the Health Care

---

[1] Plaintiff spells this inmate's surname as both Cosby and Crosby in the statement of claim; it appears that he is referring to one single individual.

[2] DeDecker and Hoch are not included as Defendants in the action.

4

Unit to obtain medical treatment for Plaintiff's injuries. (Doc. 1, p. 8).

Plaintiff asked Internal Affairs staff (Bronnan)[3] for a "Keep Separate Order" against Cosby/Crosby, but this was not done. Later on, Cosby/Crosby was placed in the cell next to Plaintiff, and then in another cell in the same housing unit, despite Plaintiff's requests that they be housed in different locations. (Doc. 1, pp. 10-11).

On March 4, 2015, C/O Cacioppo falsely accused Plaintiff of sexual misconduct and wrote a fabricated disciplinary report on him. (Doc. 1, p. 12; Doc. 1-2, pp. 19-20). Plaintiff was found guilty by the disciplinary committee, but Lt. McBride[4] refused to call Plaintiff's requested witness at his hearing. Plaintiff was punished with 3 months in segregation. Warden Lashbrook allowed this punishment. Other inmates who heard about the incident began threatening Plaintiff with bodily harm when he got out of segregation.

Plaintiff sought a transfer to another prison for his safety. (Doc. 1, pp. 12-13). Lt. Furlow promised to transfer Plaintiff to another prison after he refused housing 3 times. (Doc. 1, p. 14). Plaintiff refused housing assignments several times and incurred other disciplinary charges because he feared for his life if he returned to general population. He informed Lt. Hock[5] (who chaired the disciplinary committee) about his safety concerns and requested an investigation. However, he was punished with 192 days in segregation and lost 3 months and 15 days of good conduct credits. (Doc. 1, p. 14). Plaintiff eventually was moved to Lawrence on a disciplinary transfer on September 9, 2015 (Doc. 1-3, p. 19).

Finally, Plaintiff claims that C/O Wormack[6] retaliated against him by falsely claiming

---

[3] Bronnan is not named as a Defendant.
[4] McBride is not named as a Defendant.
[5] It appears that "Lt. Hock" as he is referred to in the body of the Complaint, may be the same individual identified as "Lt. Heck" in the caption and list of Defendants, as this person is described as being the "Adjustment Committee Chairperson." (Doc. 1, pp. 1-2).
[6] Wormack is not included as a Defendant.

that some of Plaintiff's cassette tapes were "altered" and that he possessed more tapes than were permitted. (Doc. 1, pp. 14-15). Wormack either confiscated the cassette tapes or required Plaintiff to mail them to somebody outside the prison at Plaintiff's expense. Wormack also confiscated and destroyed 3 of Plaintiff's magazines. The taking of these items occurred after Wormack read Plaintiff's copies of his grievances against fellow officers Wagner, Coffey, and Chapman, and accused Plaintiff of lying about his "buddies" beating up Plaintiff. (Doc. 1, p. 14).

Plaintiff seeks punitive damages and an investigation into the Defendants' misconduct. (Doc. 1, p. 16).

## Designation and Severance of Claims

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment deliberate indifference claim against Flowers, Wagner, and Coffey, for failing to summon mental health assistance for Plaintiff when he informed them he was having a crisis and was suicidal on or about July 21, 2014;
>
> **Count 2:** Eighth Amendment claim against Wagner, Flowers, and Chapman for depriving Plaintiff of two brunch meals on July 21 and July 28, 2014;
>
> **Count 3:** Eighth Amendment claim against Wagner and Coffey for using excessive force against Plaintiff on or about July 21, 2014, after his suicide attempt;
>
> **Count 4:** Fourteenth Amendment claim against Wagner for taking or destroying Plaintiff's shoes and clothing;

**Count 5:** Eighth Amendment claim against Wagner and Chapman for refusing to summon medical assistance for Plaintiff on July 28, 2014, after he was injured by a cellmate who assaulted him;

**Count 6:** Eighth Amendment claim for failure to protect Plaintiff from the cellmate who attacked him despite Plaintiff's advance request to be moved;

**Count 7:** Fourteenth Amendment claim for deprivation of a liberty interest without due process against Cacioppo for writing a false disciplinary report on March 4, 2015, and against Lashbrook for allowing Plaintiff to be punished with 3 months in segregation after he was found guilty of the false charge;

**Count 8:** Claim against Furlow for failing to transfer Plaintiff for his protection, and against Lt. Heck/Hock for failing to investigate Plaintiff's claims of threats to his safety.

Counts 1-5 all involve claims against Wagner, and some of these counts include claims against Flowers, Coffey, and Chapman. As to Count 6, Plaintiff failed to identify which officers were responsible for failing to protect him from the cellmate's attack. The claims in Counts 7 and 8 do not involve any of the Defendants named in Counts 1-5, and are based on different events. Given the distinct groups of Defendants in Counts 1-5 versus Counts 7 and 8, the Court must evaluate whether all of Plaintiff's claims may properly proceed together in the same action.

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). Claims against different Defendants, which do not arise from a single transaction or occurrence (or series of related transactions/occurrences), and do not share a common question of law or fact, may not be joined in the same lawsuit. *See* FED. R. CIV. P. 20(a)(2). Further, a prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for

what should have been several different lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010) (citing *George*). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21, or to dismiss improperly joined Defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court shall sever Counts 7 and 8, which are unrelated to Counts 1-5, into a single separate action. A new case with a newly-assigned case number shall be opened for the severed claims. Plaintiff shall be assessed another filing fee for the newly severed case. Counts 1-5 shall remain in this action. Count 6 against an unidentified party (or parties) shall be dismissed from this action without prejudice, for failure to state a claim upon which relief may be granted.

Counts 7 and 8 shall remain in the same severed action at this time, because it is possible that they may share common questions of fact relating to Plaintiff's disciplinary charges and hearings and the alleged threats to Plaintiff's safety. However, as that case proceeds, the Court may determine that further severance is appropriate. The newly-severed case shall undergo preliminary review pursuant to § 1915A after the new case number and judge assignment has been made.

The Court shall evaluate the merits of the claims in Counts 1-6 below. Counts 1, 3, and 5 shall receive further review. However, Counts 2, 4, and 6 shall be dismissed pursuant to § 1915A.

### Merits Review of Counts 1-6 Pursuant to 28 U.S.C. § 1915A

In addition to the claims outlined in Counts 1-8 above, the Complaint includes descriptions of several incidents involving Pinckneyville staff members who are not included as

Defendants (for example, the alleged retaliation by C/O Wormack; deliberate indifference by C/O Newbury; grievance-related problems involving Counselor VanZandt and former Counselor Samelinski; response to the cellmate assault by C/O DeDecker and Lt. Hoch; lack of action on safety concerns by I.A. Officer Bronnan and Lt. Pearce following the cellmate attack; and Lt. McBride's refusal to call a witness at Plaintiff's disciplinary hearing). Because Plaintiff chose not to include these persons as parties to the action, and did not list them in the caption, this Court will not treat them as defendants. At this time, any claims against these individuals shall be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). If Plaintiff intended to bring a claim against any of these persons, he must submit an amended complaint in accordance with Federal Rule of Civil Procedure 15 and Local Rule 15.1.

Conversely, Plaintiff named some Defendants in the caption and the list of parties ( C/O Myers, Sherry Benton, Terri Anderson, Unknown Party (Administrative Review Board, State's Attorney Office), and David Stranton), but did not include any allegations against them in the statement of claim. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendants Myers, Benton, Anderson, Unknown Party (Administrative

9

Review Board, State's Attorney Office), and Stranton will be dismissed from this action without prejudice.

**Count 1 – Deliberate Indifference to Serious Mental Health Needs**

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. A medical need is "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The Seventh Circuit has found that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001); *Wellman v. Faulkner*, 715 F.2d 269 (7th Cir. 1983).

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). However, the Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

In Plaintiff's case, he allegedly told Flowers, Wagner, and Coffey that he was having a mental health crisis and was suicidal, and he requested emergency intervention. A person who is

contemplating suicide presents an objectively serious mental health condition that places him at risk of harm. Faced with this report and request for help from Plaintiff, these officers nonetheless took no action to help him. Soon thereafter, Plaintiff tried to take his own life. At this stage, Plaintiff has stated a deliberate indifference claim in **Count 1** against Flowers, Wagner, and Coffey that merits further consideration.

### Dismissal of Count 2 – Deprivation of Two Meals

As with the claim discussed above, two elements are required to establish a violation of the Eighth Amendment's cruel and unusual punishments clause with regards to any conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective conditions must have resulted in an unquestioned and serious deprivation of basic human needs such as food, medical care, sanitation, or physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842.

In some circumstances, a prisoner's claim that he was denied food may satisfy the first (objective) element but, as the Seventh Circuit has held, the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the

first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health.").

In Plaintiff's case, he alleges that Wagner, Flowers, and Chapman caused him to miss one meal on July 21, 2014, and one other meal a week later on July 28, 2014. This amounts to missing one meal in a week's time, for a 2-week period. Under the authority outlined above, this minimal deprivation may have caused Plaintiff some discomfort, but was not enough to pose an excessive risk to Plaintiff's health. The denial of 2 meals over this time span does not amount to an objectively serious deprivation that would violate Plaintiff's Eighth Amendment rights.

**Count 2** shall therefore be dismissed from this action with prejudice for failure to state a claim upon which relief may be granted.

### Count 3 – Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.'" *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). An inmate seeking damages for the use of excessive force need not establish serious

bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins*, 559 U.S. at 37-38 (the question is whether force was de minimis, not whether the injury suffered was de minimis); *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Here, Plaintiff alleges that immediately after he tried to commit suicide by hanging himself with an electrical cord, Wagner and Coffey picked him up and slammed him into the floor, causing him to strike his head. Wagner wrapped the cord around Plaintiff's neck and threatened to kill him. As they moved Plaintiff to another location, they dragged him and intentionally banged his head. There is no indication that Plaintiff was resisting or displaying aggressive behavior that required unusual force to restrain him. No justification is apparent for the officers' violent handling of Plaintiff.

The excessive force claim in **Count 3** against Wagner and Coffey shall proceed for further review.

### Dismissal of Count 4 – Destruction/Loss of Personal Property

Plaintiff claims that Wagner stole his Reebok shoes, and failed to properly label the bag containing his shorts when he went into segregation. As a result, Plaintiff's property items were lost or destroyed; he never got them back.

The only constitutional right that might be implicated by these facts is Plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an

13

adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Therefore, Plaintiff cannot sustain a civil rights claim based on the loss of his property.

The Fourteenth Amendment claim in **Count 4** shall be dismissed with prejudice from this action for failure to state a claim upon which relief may be granted. The dismissal shall not preclude Plaintiff from seeking relief in the Illinois Court of Claims for his property loss, if it is not too late for him to do so.

### Count 5 – Deliberate Indifference to Medical Needs

This claim arises from Plaintiff's need for treatment for the injuries he sustained as a result of being attacked by his cellmate (Cosby/Crosby) on July 28, 2014. He suffered abrasions and lacerations after being punched in the face. Plaintiff states that two officers (DeDecker and Hoch, who are not parties to this action) broke up the altercation and took him to the Health Care Unit. This prompt action does not constitute deliberate indifference. At some later time, however, Plaintiff needed more treatment for his wounds, but Wagner and Chapman refused to notify the Health Care Unit of this need.

Although a bit thin on the facts, Plaintiff's allegations suggest that he had visible wounds from the attack, and Plaintiff presumably informed Wagner and Chapman of the reason he sought medical treatment. This would have put Wagner and Chapman on notice of Plaintiff's medical condition. Despite this awareness, they took no action to help Plaintiff get medical care. At this stage, the deliberate indifference claim in **Count 5** survives review under § 1915A and shall receive further consideration.

### Dismissal of Count 6 – Failure to Protect

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

Plaintiff states that before the July 28, 2014, attack on him by cellmate Cosby/Crosby, he informed security officials that he feared for his safety because of the cellmate's violent outbursts and erratic behavior. However, those officials took no steps to move Plaintiff to a different cell or to otherwise protect him from harm.

If Plaintiff had identified the officials who failed to respond to his requests for protection, this claim could go forward. However, he did not connect this claim to any of the named Defendants. Accordingly, the Complaint fails to state a claim upon which relief may be granted

for this failure-to-protect claim.  **Count 6** shall therefore be dismissed without prejudice.

Plaintiff may attempt to re-plead the claim in Count 6 by submitting an amended complaint in accordance with Federal Rule of Civil Procedure 15 and Local Rule 15.1.  He shall note, however, that if this claim involves different prison officials than those who remain as Defendants in this action, his claim may be subject to severance into a separate action, and the assessment of another filing fee.

### Pending Motions

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

The motion for service of process at government expense (Doc. 4) is **TERMINATED AS MOOT**.  No such motion is necessary for a Plaintiff who has been granted leave to proceed *in forma pauperis* ("IFP").  The Court shall order service on all Defendants who remain in the action following threshold review under § 1915A.  28 U.S.C. § 1915(d).  No service shall be made on the dismissed Defendants.

As noted above, Plaintiff's motion for leave to file an amended request for relief (Doc. 10) is **DENIED**, without prejudice to Plaintiff submitting a complete amended complaint in accordance with Federal Rule of Civil Procedure 15 and Local Rule 15.1, should he wish to do so.

### Disposition

**COUNTS 2 and 4** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  **COUNT 6** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Defendants **MYERS, BENTON, ANDERSON, UNKNOWN PARTY (Administrative**

**Review Board, State's Attorney Office),** and **STRANTON** are **DISMISSED** from this action without prejudice.

**IT IS HEREBY ORDERED** that Plaintiff's claims in **COUNTS 7 and 8**, which are unrelated to the claims in Counts 1, 3, and 5, are **SEVERED** into a new case. That new case shall be:

Claims in Count 7 for deprivation of a liberty interest without due process against **CACIOPPO** and **LASHBROOK,** and Count 8 for failing to transfer Plaintiff or investigate safety threats, against **FURLOW** and **HECK (or HOCK).**

In the new case, the Clerk is **DIRECTED** to file the following documents:

  (1) This Memorandum and Order
  (2) The Original Complaint (Doc. 1)
  (3) Plaintiff's motion to proceed *in forma pauperis* (Doc. 2)

Plaintiff **will be responsible for an additional $350.00 filing fee** in the new case. The claims in the newly severed case shall be subject to merits review pursuant to 28 U.S.C. § 1915A after the new case number and judge assignment is made. No service shall be ordered on the Defendant(s) in the severed case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that the *<u>only claims remaining in this action are COUNTS 1, 3, and 5 against Defendants WAGNER, COFFEY, CHAPMAN, and FLOWERS</u>*. This case shall now be captioned as: **PIERRE JORDAN, Plaintiff, vs. C/O WAGNER, LT. COFFEY, SGT. CHAPMAN, and SGT. FLOWERS, Defendants.**

**IT IS FURTHER ORDERED** that Defendants **JACQUELINE LASHBROOK, SEAN FURLOW, CO CACIOPPO, and LT. HECK (or HOCK)** are **TERMINATED** from *this* action with prejudice.

As to **COUNTS 1, 3, and 5**, which remain in the instant case, the Clerk of Court shall prepare for Defendants **WAGNER, COFFEY, CHAPMAN,** and **FLOWERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 3, 2017**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**